UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THINTINUS N. TAYLOR,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>BUREAU OF PRISONS,<br><br>　　　　　Respondent. | No.  2:21-cv-0227 KJN P<br><br><br>ORDER |

　　　　Petitioner, a federal prisoner, proceeds pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  On August 12, 2021, petitioner filed a motion seeking reconsideration of the court's order granting respondent an extension of time to respond to the petition.  Petitioner claims he did not receive the motion for extension of time, and he did not receive a docket entry confirming the filing of a proof of service, claiming the court granted the motion without confirming that the motion was served on petitioner, and alleges insufficient service of process requires this court to enter respondent's default based on respondent's alleged "failure to appear."  (ECF No. 13 at 5.)

　　　　Petitioner is mistaken.  Litigants are not required to separately docket a proof of service.  Moreover, review of respondent's three-page motion confirms that respondent appended a certificate of service attesting to service of the motion and proposed order on July 30, 2021, to petitioner at his current address of record, FCI Herlong, P.O. Box 800, Herlong, CA  96113.

(ECF No. 11 at 3.) Such address matches petitioner's address of record, and is the same address the court sent petitioner the order granting the extension of time, which petitioner received. The court cannot explain petitioner's failure to receive respondent's motion, but directs the clerk to provide a copy of the motion to petitioner.

Moreover, petitioner is advised that Rule 4(m) of the Federal Rules of Civil Procedure is not applicable here. In a habeas action, no service of process under Rule 4 is required; rather, the court directed respondent to respond on June 11, 2021. (ECF No. 9.) Here, respondent indicated its intention to defend by filing the motion for extension of time. Thus, entry of default is inappropriate. See Rule 55(a) (default judgment is appropriate only when a party "has failed to plead or otherwise defend"). Petitioner's motion for default judgment is also inappropriate, because it is settled law that default judgments are not available in federal habeas corpus actions. See Gordon v. Duran, 895 F.2d 610 (9th Cir. 1990) (failure of the state to file a timely response to petition "does not entitle the petitioner to a default judgment"); Blietner v. Wellborne, 15 F.3d 652 (7th Cir. 1994) ("default judgments are disfavored in habeas corpus cases") (collecting cases). Petitioner's motions for default and default judgment are denied.

Finally, petitioner appears to seek an explanation for the "good cause" the court found to grant respondent's request for extension. However, this court has discretion to grant requests for extensions of time filed by either party. Danjaq LLC v. Sony Corp., 263 F.3d 942, 961 (9th Cir. 2001) ("A district court's decision regarding a continuance is given great deference" unless party prejudiced by decision). Petitioner fails to identify any prejudice he would suffer as a result of the extension of time. Under the circumstances set forth in respondent's accompanying declaration (ECF No. 11 at 2), it was not unreasonable for this court to grant respondent's first request for extension of time to file a responsive pleading. Plaintiff's motion for reconsideration is denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to send petitioner a copy of respondent's motion for extension of time (ECF Nos. 11, 11-1.)

2. Petitioner's requests for default and default judgment (ECF No. 13) are denied.

3.  Petitioner's motion for reconsideration (ECF No. 13) is denied.

Dated:  August 25, 2021

*[signature: Kendall J. Newman]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/tayl0227.def.d