1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11      THINTINUS N. TAYLOR,                    No.  2:21-cv-0227 KJN P

12                  Petitioner,

13            v.                                ORDER

14      BUREAU OF PRISONS,

15                  Respondent.

16

17          Petitioner is a federal prisoner, proceeding pro se, with an application for writ of habeas

18   corpus pursuant to 28 U.S.C. § 2241.[1]  Respondent's October 6, 2021 motion to dismiss is

19   pending.  As discussed below, petitioner is granted one final opportunity to file an opposition.

20   Background

21          On August 12, 2021, petitioner sought reconsideration of the court's order granting

22   respondent an extension of time to respond to the petition, claiming he did not receive the motion

23   or a docket entry confirming the filing of a proof of service.  (ECF No. 13.)  Petitioner was

24   informed that the filing contained a certificate of service, that respondent is not required to

25   separately docket such certificate, and that entry of default judgment is unavailable in habeas

26   proceedings, and sent petitioner a copy of respondent's extension request.  (ECF No. 14.)

27
     _____
     [1]  The November 22, 2021 order to show cause erroneously referred to petitioner as a state
28   prisoner proceeding under § 2254.  (ECF No. 16 at 1.)

                                          1

1    On October 6, 2021, respondent filed a response and motion to dismiss, the last page of

2  which is the certificate of service by mail attesting to service on plaintiff at his address of record

3  on October 6, 2021.  (ECF No. 15 at 7.)  No timely opposition or reply was filed.

4    On November 22, 2021, the undersigned ordered petitioner to show cause why his failure

5  to oppose the motion to dismiss should not be deemed a waiver of any opposition to the granting

6  of the motion and was directed to file an opposition.  (ECF No. 16 at 1.)

7    On December 6, 2021, respondent filed another certificate of service attesting to service of

8  the response and motion to dismiss on plaintiff at his address of record on November 29, 2021.

9  (ECF No. 17.)

10    On December 2, 2021, petitioner filed a response to the order to show cause, but did not

11  file an opposition to the motion to dismiss.  (ECF No. 18.)  Rather, petitioner claims that

12  respondent failed to serve petitioner with a copy of the motion, speculates that respondent

13  continues to file documents without serving petitioner, alleges his due process rights would be

14  violated if relief is not granted to petitioner, and again seeks entry of default judgment or

15  summary judgment, claiming respondent's motion to dismiss is "procedurally void."  (ECF No.

16  18 at 3.)

17  Discussion

18    First, respondent's motion to dismiss is not procedurally void, but was filed as allowed

19  under the Federal Rules.  See Rule 4 of the Rules Governing Section 2254 Cases.  "The procedure

20  for responding to the application for a writ of habeas corpus . . . is set forth in the habeas corpus

21  statutes and, under Rule 81(a)(2)" of the Federal Rules of Civil Procedure.  See Browder v. Dir.,

22  Dep't of Corr. of Illinois, 434 U.S. 257, 269 n.14 (1978).

23    Second, petitioner's bald claim that he did not receive the motion is insufficient.

24    "A proof of service is a sworn declaration giving rise to a presumption of receipt." Seminiano v. Xyris Enter., Inc., 512 F.
25  App'x. 735, 736 (9th Cir. 2013).  Where a proof of service states that the service was by mail, the presumption may be rebutted by clear
26  and convincing evidence that the service was not effected. In re Bucknum, 951 F.2d 204, 207 (9th Cir. 1991).  Service by regular
27  mail gives rise to a lesser presumption than service by certified mail. Salta v. INS, 314 F.3d 1076, 1079 (9th Cir. 2002).

28

2

1    Safar v. Allstate Ins. Co., 2021 WL 4721895, at *3 (C.D. Cal. May 19, 2021). The presumption

2    is not rebutted simply by submitting an affidavit denying receipt of the document; rather, the

3    presumption must be overcome by clear and convincing evidence. See In re Bucknum, 951 F.2d

4    at 206-07. Evidence to support such denial must be included, such as, for example, testimony

5    from an employee that the document was not sent, or proof that other listed parties did not receive

6    the document. Id. at 207 n.1, citing Osborn v. Ricketts (In re Ricketts), 80 B.R. 495, 498-99 (9th

7    Cir. BAP 1987). "[C]lear and convincing evidence 'indicat[es] that the thing to be proved is

8    highly probable or reasonably certain. This is a greater burden than preponderance of the

9    evidence . . . . but less than evidence beyond a reasonable doubt.'" United States v. Jordan, 256

10    F.3d 922, 930 (9th Cir. 2001), quoting Black's Law Dictionary 577 (7th ed. 1999). In addition,

11    pursuant to Local Rule 182(f), service of documents at the record address of the party is fully

12    effective.

13         Here, respondent served petitioner with a copy of the responsive pleading on two

14    occasions: October 6, 2021; and November 29, 2021. Petitioner's unsupported claim that

15    respondent failed or continued to fail to serve copies of pleadings on petitioner is insufficient to

16    rebut the presumption established by the certificates of service. Petitioner provides no clear and

17    convincing evidence to the contrary.

18         Thus, this court could simply grant respondent's motion to dismiss based on petitioner's

19    refusal to oppose such motion. However, because petitioner claims he does not have the motion,

20    and is proceeding without counsel, he is granted one final extension of time in which to file an

21    opposition. On this one occasion, the court will provide petitioner with a copy of the motion.

22    However, petitioner is cautioned that failure to oppose the motion will result in a recommendation

23    that respondent's motion be granted, as previously explained.

24         Finally, the court has already denied petitioner's motion for default and for default

25    judgment because such relief is unavailable in habeas proceedings. (ECF No. 14.) Petitioner's

26    renewed request is improper and is denied.

27    ////

28    ////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner is granted thirty days from the date of this order to file an opposition to respondent's motion to dismiss;

2. Petitioner's renewed request for default and default judgment (ECF No. 18) is denied; and

3. The Clerk of the Court is directed to serve a copy of respondent's responsive pleading (ECF No. 15) on petitioner at this address of record.

Dated:  January 26, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/tayl0227.eot

4