1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    THINTINUS N. TAYLOR,                          No.  2:21-cv-0227 KJN P

12                    Petitioner,

13          v.                                       ORDER AND FINDINGS AND
                                                     RECOMMENDATIONS
14    BUREAU OF PRISONS,

15                    Respondent.

16

17          Petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

18    On October 6, 2021, respondent filed a motion to dismiss.  On November 22, 2021, petitioner was

19    ordered to show cause why his failure to oppose the motion should not be deemed a waiver of any

20    opposition, and that the motion be granted.  Petitioner filed a response, and on January 26, 2022,

21    petitioner was granted an additional thirty days in which to file an opposition.  Thirty days have

22    passed, and petitioner has not filed an opposition to the motion.  Local Rule 230(l) provides in

23    part:  "Failure of the responding party to file written opposition or to file a statement of no

24    opposition may be deemed a waiver of any opposition to the granting of the motion . . . ."  Id.

25          As discussed below, the undersigned finds that respondent's motion should be granted.

26    I.  Motion to Dismiss

27          Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

28    petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

                                                    1

1  entitled to relief in the district court. . . ."  Rule 4 of the Rules Governing Section 2254

2  Cases.[1]  The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an

3  answer if the motion attacks the pleadings for failing to exhaust state remedies or being in

4  violation of the state's procedural rules.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th

5  Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state

6  remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural

7  grounds to review motion to dismiss for state procedural default).

8  II.  The Petition

9       Petitioner seeks money damages from the Bureau of Prisons ("BOP") based on alleged

10  unconstitutional conditions of confinement at FCI-Herlong, and asks the court to impose various

11  inmate privileges despite restrictions implemented in light of COVID-19.  (ECF No. 8.)

12  III.  Lack of Jurisdiction

13       The undersigned is persuaded that this court lacks jurisdiction over petitioner's claims.

14       This court may only grant a petition for writ of habeas corpus if the federal petitioner can

15  demonstrate that he "is in custody in violation of the Constitution or laws or treaties of the United

16  States." 28 U.S.C. § 2241(a), (c)(3).  As a general rule, a claim that challenges the fact or

17  duration of a prisoner's confinement should be addressed by filing a habeas corpus petition, while

18  a claim that challenges the conditions of confinement should be addressed by filing a civil rights

19  action.  Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam).  In the federal context,

20  Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971),

21  provides petitioner with a remedy for violation of civil rights by federal actors.  C.f., Badea v.

22  Cox, 931 F.2d 573, 574 (9th Cir.1991) (challenges to conditions of confinement by state prisoners

23  should be presented in a 42 U.S.C. § 1983 civil rights action rather than a habeas corpus petition).

24       Here, petitioner raises no claims challenging the fact or duration of his confinement, but

25  rather challenges the conditions of his confinement claiming violations of his Fifth, Eighth,

26  Thirteenth and Fourteenth Amendment rights (grounds 1 - 6).  As argued by respondent, success

27

28

[1]  Rules Governing Section 2254 Cases may be applied to other petitions for writ of habeas corpus at the Court's discretion.  See, id., Rule 1; Fed. R. Civ. P 81(a)(4).

1  on such claims would not result in petitioner's release from custody or accelerate his release.

2  Therefore, this court lacks subject matter jurisdiction, and respondent's motion to dismiss should

3  be granted.  The court declines to address respondent's additional grounds for dismissal.

4  IV.  First Step Act

5        As additional relief, petitioner asks the court to require the BOP to apply First Step Act

6  credits to petitioner's sentence.  (ECF No. 8 at 14.)  While petitioner may seek habeas corpus

7  relief concerning the proper application of credits under the First Step Act,[2] petitioner did not

8  include a First Step Act claim in his June 1, 2021 amended petition; none of the grounds raised

9  implicate the First Step Act.  (ECF No. 8 (grounds 1-6).)  Once the BOP has applied First Step

10 Act credits or failed to properly apply such credits, petitioner may file a petition for habeas

11 relief.[3]

12 ────────────────

13 [2]  The First Step Act was signed into law on December 21, 2018.  Pub. L. No. 115-391, 132 Stat. 5194 (2018).  The relevant portions of the First Step Act allow eligible prisoners to earn time

14 credits against their sentences for successfully completing certain "recidivism reduction programming" or "productive activities."  18 U.S.C. § 3632(d)(4).  The Attorney General was

15 allowed 210 days after the First Step Act was enacted to develop and publish the Risk Assessment Needs system, which the Bureau of Prisons ("BOP") must use as a guide to

16 implement the programs.  18 U.S.C. § 3632(a).  The Attorney General published the Risks and Needs Assessment on July 19, 2019.  The BOP then had 180 days, or until January 15, 2020, to

17 implement the system, complete inmate risk assessments, and then begin to assign prisoners to appropriate evidence-based recidivism reduction programs.  18 U.S.C. § 3621(h).  Thereafter

18 BOP was given an additional two years, or until January 15, 2022, to phase in programming and provide "evidenced based recidivism reduction programs and productive activities for all

19 prisoners."  18 U.S.C. § 3621(h)(2)(A-B).

20

21 [3]  The majority of courts that have considered claims regarding the BOP's alleged failure to award earned time credits under the First Step Act have concluded that these claims are not ripe at

22 this time because the BOP has until January 15, 2022, to "phase-in" the evidence-based recidivism programs and productive activities for all prisoners.  Khouanmany v. Gutierrez, 2021

23 WL 4394591, at *4 (C.D. Cal. Aug. 2, 2021) ("The majority of courts to have considered claims regarding the BOP's failure to award earned time credits under the First Step Act have concluded

24 that such claims are not ripe at this time because the BOP has until January 15, 2022, to "phase-in" the evidence-based recidivism reduction programs and productive activities for all

25 prisoners.") (citing Novotny v. Yankton FPC, Warden, 2021 WL 3089287, at *1 (D. S.D. July 21, 2021) (inmates do not have standing to seek an order requiring the BOP to apply earned time

26 credits toward prerelease custody before January 15, 2022); Diaz v. Warden, FCI-Ray Brook, 2021 WL 3032694, at *2-3 (N.D. N.Y. July 19, 2021) (challenge to BOP's calculation of earned

27 time credit under the First Step Act was not ripe for review); Hand v. Barr, 2021 WL 392445, at *5 (E.D. Cal. Feb. 4, 2021) ("because the Act does not require BOP to provide evidence-based

28

1  V.  Bivens Actions

2      If petitioner decides to file a Bivens action, he is cautioned that to date, the Supreme Court

3  has only recognized a Bivens remedy in the context of the Fourth, Fifth, and Eighth Amendments.

4  See Bivens, 403 U.S. 388 (Fourth Amendment prohibition against unreasonable searches and

5  seizures); Davis v. Passman, 442 U.S. 228 (1979) (Fifth Amendment gender-discrimination);

6  Carlson v. Green, 446 U.S. 14 (1980) (Eighth Amendment Cruel and Unusual Punishments

7  Clause for failure to provide adequate medical treatment).  The Supreme Court has recently made

8  clear that "expanding the Bivens remedy is now a disfavored judicial activity," and has

9  "consistently refused to extend Bivens to any new context or new category of defendants.  Ziglar

10  v. Abbasi, 137 S. Ct. 1843, 1857 (2017) (citations omitted).

11  VI.  Conclusion

12      Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign

13  a district judge to this case.

14      Further, IT IS RECOMMENDED that:

15      1.  Respondent's motion to dismiss (ECF No. 15) be granted; and

16      2.  This action be dismissed without prejudice.

17      These findings and recommendations are submitted to the United States District Judge

18  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

19  after being served with these findings and recommendations, any party may file written

20

21  recidivism reduction programs and productive activities for all prisoners until January 2022, the
   Court finds that petitioner's claims regarding earned time credits and evidence-based recidivism

22  reduction programs are not ripe"), findings and recommendation adopted by 2021 WL 1853295,
   at *2 (E.D. Cal. May 10, 2021) (given that the regulations governing the First Step Act time

23  credits have yet to be codified, the court agreed that the petitioner's claims regarding First Step
   Act time credits were not ripe); Cohen v. United States, 2021 WL 1549917, at *3 (S.D. N.Y. Apr.

24  20, 2021) (claims challenging calculation of earned time credits under the First Step Act was not
   ripe); Kennedy-Robey v. FCI Pekin, 2021 WL 797516, at *3-4 (C.D. Ill. Mar. 2, 2021) ("The use

25  of the word 'may' indicates that, while it is permissible for the BOP to award time credits under
   the statute at any time after the date of enactment, the BOP is not required to do so"; thus, the

26  petitioner did not have standing to demand that the BOP apply her time credits as she
   calculated)); Fair v. Thompson, 2022 WL 183429 (E.D. Cal. Jan. 20, 2022) (challenges to certain

27  BOP policies regarding the First Step Act and the BOP's application of the Act dismissed as
   unripe).

28

4

1   objections with the court and serve a copy on all parties.  Such a document should be captioned

2   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

3   objections shall be filed and served within fourteen days after service of the objections.  The

4   parties are advised that failure to file objections within the specified time may waive the right to

5   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

6   Dated:  March 14, 2022

7

8                                                                     _____
                                                                      KENDALL J. NEWMAN
9   /tayl0227.mtd.2241                                                UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28